UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Phillip Sullivan, Jr., *individually and on behalf of all others similarly situated*,

        Plaintiff,

–v–

Walker Construction, Inc.

        Defendant.

18-cv-09870 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On January 18, 2019, Defendant moved to dismiss the complaint in this case under Rule 12(b)(2). Dkt. No. 12. For the following reasons, the Court concludes that it does not have personal jurisdiction over Defendant, and grants its motion to dismiss.

I.    **Background**

    **A.  Factual Background**

Plaintiff, Phillip Sullivan, Jr., currently lives in New York City, and is a deaf individual. Compl. ¶ 2. Defendant, Walker Construction, is a corporation organized under the laws of the State of Washington. Compl. ¶ 17. Defendant operates a website where it provides information about its various architectural designs and construction projects. *See* Compl. ¶ 29. Plaintiff "browsed and intended to watch the video about Defendant on the 'Who We Are' page of Defendant's website," but was unable to do so, as the website did not have the requisite accommodations for deaf individuals. Compl. ¶ 8. Plaintiff brings this class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to deaf and hard of hearing people. Compl. ¶ 2.

1

Plaintiff brings several causes of action: (1) violation of 42 U.S.C. § 12181, *et seq.*—Title III of the Americans with Disabilities Act (2) violation of New York State Human Rights Law (Executive Law § 292 *et seq.*); (3) violation of New York State Civil Rights Law (C.L.S. Civ. R. § 40 *et seq.*); (4) violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.*; and (5) declaratory relief. Compl. ¶¶ 46–105. Plaintiff brings this case as a putative class action. Compl. ¶¶ 19–28.

### B. Procedural Background

Plaintiff filed his complaint on October 25, 2018. Dkt. No. 1. On January 18, 2019, Defendant filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and subject matter jurisdiction. *See* Dkt. Nos. 12, 19, 23. The Court issued an Order explaining to Plaintiff that he was on notice that declining to amend his pleadings to timely respond to arguments in Defendants' motion to dismiss may constitute a waiver of his right to use the amendment process to cure any defects that had been made apparent by Defendants' motion. Dkt. No. 13. Plaintiff did not file an amended complaint. On February 12, 2019, Plaintiff filed an opposition to Defendant's motion. Dkt. No. 25. On February 14, 2019, Defendant filed a reply memorandum of law in further support of its motion. Dkt. No. 27. On March 19, 2019, Plaintiff filed a letter stating, "Notwithstanding our Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction . . . Plaintiff has agreed to transfer this case to the United States District Court for the Eastern District of Washington." Dkt. No. 28. Defendant filed a response explaining that it did not consent to a transfer. Dkt. Nos. 29, 31. The Court now resolves the motion to dismiss.

## II. Standard

For a case to survive a motion to dismiss under Rule 12(b)(2) for lack of personal

2

jurisdiction, a plaintiff must make a *prima facie* showing that personal jurisdiction exists. *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). "The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). On a Rule 12(b)(2) motion, a defendant may submit affidavits and documents beyond the pleadings, and a court "may determine the motion on the basis of affidavits alone; or [the court] may permit discovery in aid of the motion; or [the court] may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). If a court determines that it is not necessary to "conduct a full-blown evidentiary hearing," then "plaintiffs need only make a *prima facie* showing of personal jurisdiction over the defendant." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) (internal quotation marks omitted); *Marine Midland Bank*, 664 F.2d at 904 ("Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a *prima facie* showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion."). This showing can be made through a plaintiff's "own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (internal quotation marks omitted). And "[i]n evaluating whether the requisite showing has been made, [courts] construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

### III. Discussion

#### A. The Court Does Not Have Personal Jurisdiction Over Defendant

3

The Court engages in a two-step analysis to determine whether it has personal jurisdiction over a defendant: it (1) applies the long-arm statute of the forum state and then (2) analyzes whether the exercise of that personal jurisdiction "comports with the Due Process Clause." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010). Plaintiff argues that the Court has personal jurisdiction over Defendant based on two provisions of the New York long-arm statute—C.P.L.R. §§ 302(a)(1) and (3)(ii). For the following reasons, the Court concludes that it does not have personal jurisdiction over Defendant under either provision of the New York long-arm statute.

### 1. C.P.L.R. § 302(a)(1)

Section 302(a)(1) permits the Court to exercise personal jurisdiction over a "non-domiciliary who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). The "jurisdictional net" cast by this subsection reaches those defendants who, under the totality of circumstances, "purposefully avail[ themselves] of the privilege of conducting activities within New York, thus invoking the benefits and protections of its law." *Mattel, Inc. v. Adventure Apparel*, No. 00-CV-4085 (RWS), 2001 WL 286728, *2 (S.D.N.Y. Mar. 22, 2001) (citation and internal brackets omitted). There must be "some articulable nexus between the business transacted and the cause of action sued upon." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007).

Plaintiff has pointed to no allegations for the Court to conclude it has personal jurisdiction over Defendant pursuant to § 302(a)(1). Plaintiff simply contends that Defendant's interactive website confers jurisdiction. *See* Dkt. No. 25 at 5–8. It is true that a defendant's operation of a website can sometimes support personal jurisdiction under § 302(a)(1). *See M.*

*Shanken Commc'ns, Inc. v. Cigar500.com*, No. 7-CV-7371, 2008 WL 2696168, at *5 (S.D.N.Y. July 7, 2008). However, Plaintiff has not alleged a reasonable probability that Defendant's website has been "actually used to effect commercial transactions with customers in New York." *Id.* "Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87–88 (E.D.N.Y. 2006) (quoting *Savage Universal Corp. v. Grazier Constr., Inc.*, No. 4-CV-1089, 2004 WL 1824102, *9 (S.D.N.Y. Aug. 13, 2004)); *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018); *Virgin Enterprises Ltd. v. Virgin Eyes LAC*, No. 8-CV-8564, 2009 WL 3241529, at *4 (S.D.N.Y. Sept. 30, 2009) ("Because no business transactions supplemented the advertisements on Defendant's website, § 302(a)(1) cannot confer personal jurisdiction."); *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d 615, 622 n.3 (S.D.N.Y. 2013); *Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 420 (E.D.N.Y. 2017). "It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *Savage Universal*, 2004 WL 1824102, at *9. Here, there is no allegation that Defendant transacts *any* business in New York. Defendant has also affirmed that it conducts no business in New York, and only performs general contracting services in Washington, Idaho, and Oregon. Dkt. No. 27-1 ¶ 3. Accordingly, there is no personal jurisdiction over Defendant pursuant to § 302(a)(1).

2. **C.P.L.R. § 302(a)(3)(ii)**

Section 302(a)(3) permits the Court to exercise personal jurisdiction over a nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state . . . , if he . . . (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." "The test of whether a defendant expects or should reasonably expect his act to have consequences within the State is an objective rather than subjective one." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999). "New York courts will assess whether the facts demonstrate that defendant should have been aware that its product would enter the New York market." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468 (S.D.N.Y. 2008) (Chin, J.).

Here, the Court cannot conclude that Defendant expected or should reasonably have expected its website to have consequences in New York. As discussed above, there is no allegation that Defendant transacts any business in New York. Defendant has also affirmed that it conducts no business in New York, and only performs general contracting services in Washington, Idaho, and Oregon. Dkt. No. 27-1 ¶ 3. Plaintiff merely states, "[i]f Defendants didn't want any business in New York, they could have easily stated so or blocked the users from New York from reaching them." Dkt. No. 25 at 12. However, Plaintiff points to no case law where that basis alone—simply having a website—is sufficient to confer jurisdiction under this provision of the long-arm statute. The Court cannot conclude that Defendant would have reasonably expected its website to have consequences in New York. Accordingly, there is no personal jurisdiction over Defendant pursuant to § 302(a)(3)(ii).

**B. Jurisdictional Discovery Is Not Warranted**

Plaintiff argues that the Court should grant jurisdictional discovery, if necessary. *See*

Dkt. No. 25 at 9–10. Plaintiff has failed to make a sufficient start towards establishing jurisdiction or explained how discovery could cure the issues identified by the Court. To warrant jurisdictional discovery, a "plaintiff must make a 'sufficient start' toward establishing jurisdiction[.]" *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 333 n.11 (S.D.N.Y. 2013) (citing *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate*, 731 F. Supp. 587, 593 (S.D.N.Y. 1990)). Therefore, if Plaintiff's allegations are too conclusory, nonspecific, or otherwise inadequate, they will "not merit jurisdiction-related discovery." *Id.* (citing *Plunket v. Doyle*, No. 99-cv-11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001)). Similarly, a court will not grant jurisdictional discovery if a Plaintiff "has made no indication of a theory on which personal jurisdiction would be proper in this case other than those the Court has already found to be legally insufficient, nor explained how discovery would permit it to support any such theory if it did exist[.]" *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 147 n.3 (S.D.N.Y. 2018). Accordingly, the Court will not permit jurisdictional discovery in this case.

IV. **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. This resolves Docket Numbers 12, 14, and 19. The Clerk of Court is respectfully directed to close this case.

Dated: May ___, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

7